# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

CATHERYNNE WHYTEFAWN KENDRICK                                      PETITIONER

v.                                    Civil No. 05-5161

LARRY NORRIS, Director,
Arkansas Department of Correction                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Petitioner Catherynne Whytefawn Kendrick, a prisoner of the Arkansas Department of

Correction (ADC), brings this habeas corpus action under 28 U.S.C. § 2254 challenging revocation

of probation. Respondent Norris moves to dismiss the petition on the grounds it is barred by

limitations and subject to dismissal under the doctrine of procedural default. For her response, I

directed Kendrick to complete a questionnaire (Doc. 15). I attach to this report certain documents

from the Benton County Circuit Court.

DISCUSSION

On October 8, 2003, Benton County Circuit Court Judge Tom Keith signed an order directing

the Clerk to issue a warrant to arrest Kendrick based on the state's petition to revoke probation in

*State of Arkansas v. Kendrick*, No. CR 2002-480-1. (Att. A). Kendrick appeared with counsel

before Judge Keith on February 23, 2004, to answer the state's petition and a hearing was scheduled

for March 29, 2004. (Att. B). On March 18, 2004, Kendrick signed a statement stating in part that

her attorney had advised her that she faced 3 to 10 years imprisonment and up to a $10,000 fine.

(Resp's Ex. A.). At the revocation hearing, probation was revoked and Kendrick was sentenced to 10 years in prison, $1,000 fine, and restitution in the amount of $1101.21. (Att. C).

The judgment and commitment order was filed on April 5, 2004. (Att. D). The order stated that on March 18, 2003, Kendrick was sentenced to 3 years supervised probation pursuant to a guilty plea to the charge of violation of the Arkansas Hot Check Law - Class C Felony, Ark.Stat.Ann. 5-37-302 and that at the revocation hearing Kendrick had admitted the alleged violations and had been found guilty of violation of probation. The order specified the violations of probation: failure to report as instructed by the probation officer; failure to pay fines, fees, and restitution as previously order by the Court; failure to report change of address; commission of the offenses of violation of the Arkansas Hot Check Law, Class C Felony, from March through August 2003 in Benton County and from June 6 through June 13, 2003, in Washington County; and leaving the state without permission in violation of the probation agreement.

Attached to the judgment and commitment order was a report of circumstances prepared by the prosecutor and approved and signed by Judge Keith. (Att. E). The facts were summarized as follows: "Defendant violated terms and conditions of her probation by committing new felony hot check offenses in three separate jurisdictions. Defendant not only on state probation with Arkansas for hot checks when committed these offenses but also on federal probation at the time of other violations." The report contained a list of potential aggravating and mitigating factors to be considered. Aggravating factors noted included that Kendrick had a prior record of similar offenses, had a serious prior record, and had demonstrated persistent criminal misconduct while under supervision. No mitigating factors were noted.

-2-

In July, September, and November 2004, Judge Keith denied Kendrick's motions for alternative public service work for credit for time spent in custody, for fines in exchange for jail credit, and for reduction of sentence. (Atts. F-1, F-2, F-3). The Benton County Circuit Court docket sheet reflects that on February 11, 2005, Kendrick filed a motion for post-conviction relief. (Att. G). On May 2, 2005, Judge Keith's order was entered dismissing the petition as untimely filed. (Att. H).

The instant habeas corpus petition was signed September 8, 2005, and is deemed filed on that day under the prison mailbox rule. *Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). Kendrick challenges the revocation of probation by Judge Keith on the grounds (1) she tried her best to comply with probation, this was her first violation, and she should have been given a second chance, (2) the State failed to file extradition papers or a governor's warrant which would allow her to be transported across state line, and (3) Judge Keith failed to direct that Kendrick be served with a warrant.

The State of Arkansas contends that Kendrick's petition is subject to dismissal as barred by the statute of limitations. 28 U.S.C. § 2244(d)(1) provides that a § 2244 motion must be filed no later than one year from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of federal law is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of reasonable diligence. The time during which a properly filed application for state post-conviction review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

The State of Arkansas argues that Kendrick's triggering date for the statute of limitations was when her conviction became final under 28 U.S.C. § 2244(d)(1)(A). The judgment and commitment order was filed on April 5, 2004, and Kendrick took no appeal. Therefore, the conviction became final on May 4, 2004, which includes the 30-day appeal time. *See* Ark. R. App. P. 2. Kendrick did not file her action in this court until September 8, 2005. Accordingly, if § 2244(d)(1)(A) is utilized, Kendrick's petition was untimely filed.

In the questionnaire, Kendrick was asked to respond to the State's contention that her petition was untimely filed. Kendrick states that Judge Keith did not actually sentence her on March 29, 2004, but, instead, announced that the case was dismissed and that he would send her to another judge for sentencing and would suggest 10 years. She adds that she first received the commitment papers from Judge Keith on June 8, 2004, shortly before going to prison. These assertions invoke other possible triggering dates, § 2244(d)(1)(B) involving a State created impediment which prevents a petitioner from filing sooner and § 2244 (d)(1)(D), the date on which the factual predicate of the claims could have been discovered through the exercise of reasonable diligence.

Court documents, including the revocation order, the judgment and commitment order, and the docket entries, clearly reflect that Judge Keith revoked Kendrick's probation and sentenced her to 10 years on March 29, 2004, contrary to Kendrick's assertion that the case was dismissed. I have also obtained from the Benton County Circuit Clerk a letter of June 8, 2004, that Kendrick wrote to Circuit Judge Clinger who had sentenced her in another case. (Att. I). In the letter, Kendrick states

-4-

that Judge Keith entered his judgment on April 5, 2004, sentencing her to 10 years in prison and "apparently" she has been sentenced twice for the same charge. Kendrick further states that although her attorney Charles Sanders told her on May 12, 2004, that Judge Keith had sentenced her to 10 years, this was "wrong" because Judge Keith sent her to Judge Clinger for sentencing on both cases. She states, "This is all confusing to me!" and asks for clarification.

I find that, although Kendrick may have been confused about the sentence handed down by Judge Keith, this was not due to any action or nonaction by the State and cannot be attributable to the State. Judge Keith was clear in his findings and orders that he had revoked Kendrick's probation and sentenced her to 10 years. According to Kendrick's letter, her attorney also made clear in early May 2004 that Keith had sentenced her to prison. Kendrick's failure to grasp the clear directives of court officials and heed the advice of her attorney does not invoke a different triggering date for the statute of limitations. Further, the factual basis for the claims were readily available at the time of the revocation. Thus, Kendrick has not shown that another triggering date for the statute of limitations applies. Accordingly, her petition here was untimely filed, as asserted by the State of Arkansas.

I further find that Kendrick's Rule 37 petition did not serve to toll the limitations period as provided by 28 U.S.C. § 2244(d)(2). A state post-conviction petition dismissed as untimely is not "properly filed" so as to toll the limitations period. *Pace v. Diguglielmo*, ___ U.S. ___, 125 S.Ct. 1807, 1812 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). Here, Kendrick had until July 5, 2004 (90 days after entry of judgment of conviction on April 5, 2004) to file a Rule 37 post-conviction petition in the state circuit court challenging the validity of the revocation. She filed her petition February 11, 2005, and the petition was dismissed as untimely. Therefore, the Rule 37

petition was not "timely filed" and cannot serve to toll the limitations period. Further, Kendrick's motions for sentence adjustments did not serve to toll the statute of limitations.

The doctrine of equitable tolling applies to § 2254 petitions. *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," *id.* at 805 (quoting *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), or when the State prevents the prisoner from more timely making a claim. *Id.* at 807. Further, "[e]quitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *U. S. v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005)(citation omitted). Moreover, lack of legal knowledge by an unrepresented prisoner does not support equitable tolling. *United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003)(citation omitted).

In the questionnaire, Kendrick states that she was told by Judge J. Scoggs on May 5, 2005, that Benton County case No. 2002-0480-1 was "no longer active." However, as set out above, Kendrick acknowledged in a statement prior to the revocation hearing that she faced prison time, Judge Keith made his rulings and orders regarding prison time very clear in the matter, and Kendrick told Judge Clinger on June 8, 2004, that her attorney advised her in early May 2004 that Judge Keith had ordered prison time. Kendrick also lists post-conviction motions she filed in an effort to show she was diligent in pursuing relief. Kendrick has not shown, however, that extraordinary circumstances prevented her from filing a timely § 2254 petition in this court. Accordingly, Kendrick may not take advantage of equitable tolling to have her untimely petition heard.

CONCLUSION

Based on the above, I find that Kendrick's § 2254 petition is barred by limitations and should be dismissed with prejudice.[1] Because dismissal is warranted on this ground, I have not reached the State's alternative ground for dismissal based on the doctrine of procedural default.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 27th day of March 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. "A petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Toney v. Gammon*, 79 F.3d 693, 696 (8th Cir. 1996)(citation omitted).